Melissa A. Clark, Esq. SBN 247998
Julianne Vandergrift, Esq. SBN 285899
HIGBEE & ASSOCIATES
1504 Brookhollow Dr., Suite 112
Santa Ana, CA 92705
Phone: (714) 617-8385
Fax: (714) 617-8511
Email: jvandergrift@higbeeassociates.com

*Attorneys for Plaintiff*
DENISE MORALES

# SUPERIOR COURT OF CALIFORNIA
## COUNTY OF SACRAMENTO

| | |
|---|---|
| DENISE MORALES, an individual | Case No. _____ ____ |
| Plaintiff, | |
| v. | **COMPLAINT FOR DAMAGES** |
| COMENITY BANK, and DOES 1 through 10, | **DEMAND FOR JURY TRIAL** |
| Defendants. | |

Plaintiff DENISE MORALES, for her Complaint against Defendants and each of them, alleges as follows:

## INTRODUCTION

1.     The California legislature has determined that the banking and credit system and grantors of credit to consumers are dependent upon the collection of just and owing debts and that unfair or deceptive collection practices undermine the public confidence that is essential to the continued functioning of the banking and credit system and sound extensions of credit to consumers. The Legislature has further determined that there is a need to ensure that debt collectors exercise this responsibility with fairness, honesty and due regard for the debtor's rights and that debt collectors must be prohibited from engaging in unfair or deceptive acts or

1    practices.[1]

2    2.    DENISE MORALES, (hereinafter "Plaintiff"), by Plaintiff's attorneys, brings this

3 action to challenge the actions of COMENITY BANK (hereinafter "Defendant"), with regard to

4 attempts by Defendant, a debt collector, to unlawfully and abusively collect a debt allegedly

5 owed by Plaintiff, and this conduct caused Plaintiff damages.

6    3.    For the purposes of this Complaint for Damages, unless otherwise indicated,

7 "Defendant" includes all agents, employees, officers, members, directors, heirs, successors,

8 assigns, principals, trustees, sureties, subrogates, representatives and insurers of Defendant(s)

9 named in this caption.

10                        **JURISDICTION AND VENUE**

11    4.    This action arises out of Defendants' violations of the Rosenthal Fair Debt

12 Collection Practices Act, California Civil Code §§ 1788-1788.32 (RFDCPA).

13    5.    Defendant does business within the State of California, and thereby obtains

14 benefits and protection of California laws. Therefore, personal jurisdiction is established

15 pursuant to California Code of Civil Procedure § 410.10.

16    6.    Sacramento County is the venue in which Defendant's liability arose. Therefore,

17 venue is proper pursuant to California Code of Civil Procedure § 395.5.

18                              **PARTIES**

19    7.    Plaintiff resides in the City of Sacramento, County of Sacramento, State of

20 California, and is a natural person from whom a debt collector sought to collect a consumer debt

21 which was due and owing or alleged to be due and owing from Plaintiff and is a "debtor" as that

22 term is defined by California Civil Code § 1788.2(h).

23    8.    Plaintiff is informed and believes, and thereon alleges, that Defendant is a

24 company operating from the City of Columbus, County of Franklin, State of Ohio.

25    9.    Plaintiff is informed and believes, and thereon alleges, that Defendant conducted

26 business within the City of Sacramento, County of Sacramento, State of California.

27    10.    Plaintiff is informed and believes, and thereon alleges, that Defendants are not

28

---

[1] Cal. Civ. Code 1788.1 (a)-(b)

attorneys or counselors at law and are persons who, in the ordinary course of business, regularly, on behalf of themselves or others, engages in debt collection as that term is defined by California Civil Code § 1788.2(b), and are "debt collectors" as that term is defined by California Civil Code § 1788.2(c).

11. This case involves money, property or their equivalent, due or owing or alleged to be due or owing from a natural person by reason of a consumer credit transaction. As such, this action arises out of a "consumer debt" and "consumer credit" as those terms are defined by Cal. Civ. Code § 1788.2(f).

## FACTUAL ALLEGATIONS

12. At all times relevant, Plaintiff was an individual residing within the State of California.

13. Plaintiff is informed and believes, and thereon alleges, that at all times relevant, Defendant conducted business in the State of California.

14. Plaintiff allegedly incurred financial obligations to Defendant that were money, property, or their equivalent, which is due or owing, or alleged to be due or owing, from a natural person to another person and were therefore "debt(s)" as that term is defined by California Civil Code §1788.2(d), and a "consumer debt" as that term is defined by California Civil Code §1788.2(f).

15. On or about May 26, 2014, Defendant called Plaintiff's telephone and attempted to collect the alleged debt. During this telephone call, Plaintiff requested that Defendant stop calling her in connection with its attempts to collect the alleged debt.

16. On or about June 2, 2014, Defendant called Plaintiff again and attempted to collect the alleged debt. Defendant deliberately ignored Plaintiff's request to stop calling her in connection with its attempts to collect the alleged debt. Defendant acted unreasonably when it ignored Plaintiff's request. Thus, under the circumstances, Defendant communicated with Plaintiff by telephone with such frequency as to constitute a harassment to Plaintiff, thereby violating California Civil Code §1788.11(e).

17. When Defendant called Plaintiff again on or about June 2, 2014, Defendant

1  deliberately ignored Plaintiff's request to stop calling her in connection with its attempts to
2  collect the alleged debt, thereby displaying an intent to harass Plaintiff. As such, Defendant's
3  conduct did not comply with the substantive rule stated under 15 U.S.C. §692d(5), and thus
4  Defendant violated California Civil Code §1788.17.

5       18.     During the June 2, 2014 telephone conversation, Plaintiff repeated her request
6  that Defendant stop calling her in its attempts to collect the debt. Defendant responded to this
7  request by stating that it would not stop calling Plaintiff until she agreed to a payment plan.
8  Defendant's conduct had the natural consequence of harassing, oppressing, or abusing Plaintiff
9  in connection with the collection of the alleged debt. As such, Defendant's conduct did not
10  comply with the substantive rule stated under 15 U.S.C. §1692d, and thus Defendant violated
11  California Civil Code §1788.17.

12       19.     On or about June 7, 2014, Defendant called Plaintiff again and attempted to
13  collect the alleged debt. Again, Defendant deliberately ignored Plaintiff's request to stop calling
14  her in connection with its attempts to collect the alleged debt. Defendant acted unreasonably
15  when it ignored Plaintiff's request. Thus, under the circumstances, Defendant communicated
16  with Plaintiff by telephone with such frequency as to constitute a harassment to Plaintiff, thereby
17  violating California Civil Code §1788.11(e).

18       20.     When it called Plaintiff on or about June 7, 2014, Defendant again deliberately
19  ignored Plaintiff's request to stop calling her in connection with its attempts to collect the
20  alleged debt. Thus, Defendant further displayed intent to harass Plaintiff. As such, Defendant's
21  conduct did not comply with the substantive rule stated under 15 U.S.C. §1592d(5), and thus
22  Defendant violated California Civil Code §1788.17.

23       21.     On July 15, 2014, Higbee & Associates, Plaintiff's counsel sent Defendant a letter
24  via U.S. Mail regarding Plaintiff's Rosenthal Fair Debt Collection Practices Act (RFDCPA)
25  claims against Defendant. The first paragraph of that letter stated: "Higbee & Associates has
26  been retained to represent Denise Morales in regards to the matter of Comenity Bank's attempts
27  to collect an alleged debt in violation of California's Rosenthal Fair Debt Collection Practices
28  Act (RFDCPA). Enclosed please find a completed and signed Letter of Representation—Power

of Attorney." A signed power of attorney was included with the letter. The power of attorney included the name of Plaintiff's attorney, the address at which she could be found, and a notice stating that all communication must be forwarded to Higbee & Associates.

22.     On or about July 31, 2014, Plaintiff received a letter from Defendant containing a settlement offer. The first sentence of the second paragraph states: "This letter is in response to your cease and desist letter we recently received." Thus, Defendant sent this letter to Plaintiff with knowledge that Plaintiff was represented by attorneys. As such, Defendant's conduct did not comply with the substantive rule stated under 15 U.S.C. §1692c(a)(2), and thus Defendant violated California Civil Code §1788.17. Defendant's conduct further violated California Civil Code §1788.14(c).

## FIRST CAUSE OF ACTION

### Violations of the Rosenthal Fair Debt Collection Practices Act
### §§ 1788-1788.32 (RFDCPA)

23.     Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

24.     The foregoing acts and omissions of Defendant constitute numerous and multiple violations of the RFDCPA.

25.     As a result of Defendant's violations of the RFDCPA, Plaintiff is entitled to any actual damages pursuant to California Civil Code § 1788.30(a); statutory damages for a knowing or willful violation in the amount up to $1,000.00 pursuant to California Civil Code § 1788.30(b); and reasonable attorney's fees and costs pursuant to California Civil Code § 1788.30(c) from Defendant.

//

//

//

//

//

//

//

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that judgment be entered against Defendant for

### Rosenthal Fair Debt Collection Practices Act

* an award of actual damages pursuant to California Civil Code § 1788.3)(a) in an amount to be adduced at trial, from Defendant;

* an award of statutory damages of $1,000.00, pursuant to California Civil Code § 1788.30(b), from Defendant; and

* an award of costs of litigation and reasonable attorney's fees, pursuant to California Civil Code § 1788.30(c), from Defendant.

Respectfully submitted this ___ day of August, 2014,

By: _____
Melissa A. Clark
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*

## DEMAND FOR JURY TRIAL

Plaintiff, DENISE MORALES, hereby demands a trial by jury in the above matter.

Respectfully submitted this ___ day of August, 2014,

By: _____
Melissa A. Clark
HIGBEE & ASSOCIATES
*Attorney for Plaintiff*